SCURA, WIGFIELD, HEYER,
STEVENS & CAMMAROTA, LLP
1599 Hamburg Turnpike
Wayne, New Jersey 07470
Telephone: 973-696-8391
David Stevens, Esq.
dstevens@scura.com
*Counsel for Creditor, 103 Fabyan PL, LLC*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| *In re:* | Chapter 13 |
| | Case No. 25-16446 (VFP) |
| **EILEEN CRUZ,** | Hon. Vincent F. Papalia |
| Debtor | Hearing Date: 11/20/2025. |

**103 FABYAN PL, LLC OBJECTION TO CONFIRMATION OF
CHAPTER 13 MODIFIED PLAN**

103 Fabyan PL, LLC ("Creditor"), by and through counsel, Scura, Wigfield, Heyer, Stevens & Cammarota, LLP, objects to the confirmation of the Chapter 13 Plan filed by Eileen Cruz (the "Debtor") filed October 21, 2025, on grounds including:

1.  Debtor intends to treat student loans separately of other general unsecured creditors at the expense of the unsecured creditors in violation of 11 U.S.C. §1322(b)(1).

2.  Debtor fails to schedule and value the vacant lot located at 52 W. Greenbrook Road, Fairfield, New Jersey.

3.  Debtor's Chapter 13 Plan is speculative where it relies on Court approval for a real estate contract with no current Motion to Sell Real Property pending, and a contract that is for $125,000 less than the scheduled value of the real property.

1

4. Debtor fails to pay Creditor's claim in full where Debtor seemingly intends to retain the second property securing Creditor's lien located at 52 W. Greenbrook Road, Fairfield, NJ.

5. Upon information and belief, 52 W. Greenbrook Road, Fairfield, NJ has no other liens, requiring Creditor to be paid in full.

6. Debtor's Chapter 13 Plan provides for a Homestead Exemption despite the secured creditors not being paid in full, in violation of 11 U.S.C. §522.

7. Creditor objects to the valuation of Debtor's real property located at 140 Greenbrook Road, Caldwell, NJ and requests a valuation hearing.

8. Debtor's Schedule J fails to disclose expected increases/decreases in expenses. Specifically, Debtor's Schedule J fails to disclose expected decrease in Debtor's mortgage payment upon the sale of her home.

9. Creditor objects to Debtor's adult daughter being listed as a dependent with no contribution to the household.

10. Creditor objects to Debtor's expenses on Schedule J as not ordinary/necessary, specifically Debtor's expenses paying for two vehicles not included on Schedule A/B, excessive costs for vet/animal care, excessive costs for gym membership/classes, excessive costs for support of other family members.

11. Creditor objects to Debtor's expenses to the extent they are higher than necessary. Specifically, Creditor objects to Debtor's electricity, water/sewer expenses.

12. Creditor objects on the basis the Debtor has failed to list any value for the seven businesses she has 100% ownership in.

13. Creditor objects to Debtor's Chapter 13 Plan to the extent that it fails to pay Debtor's non-exempt equity in assets. Specifically, Debtor fails to pay her interest in the preference

payments to Carlos Vargas or fraudulent transfer actions for debts paid to/on behalf of Jonathan Cruz and Delilah Cruz.

14. Creditor objects to Debtor's plan to the extent Debtor is attempting to bifurcate the claim of US Department of Housing and Urban Development in violation of 11 U.S.C. 1322(b)(2).

**WHEREFORE**, Creditor, respectfully requests that this Court deny confirmation of the Debtor's plan for the foregoing reasons and any further relief as this Court may deem just and proper.

**SCURA, WIGFIELD, HEYER STEVENS & CAMMAROTA, LLP**
*Attorney for 103 Fabyan PL, LLC*

Dated: November 13, 2025            */s/ David Stevens*
                                                    David Stevens, Esq.