SCURA, WIGFIELD, HEYER,
STEVENS & CAMMAROTA, LLP
1599 Hamburg Turnpike
Wayne, New Jersey 07470
Telephone: 973-696-8391
Aiden Murphy, Esq.
amurphy@scura.com
*Counsel for Creditor, 103 Fabyan PL, LLC*

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| *In re:* | Chapter 13 |
| | Case No. 25-16446 (VFP) |
| **EILEEN CRUZ,** | Hon. Vincent F. Papalia |
| Debtor | Hearing Date: March 5, 2026 |

**103 FABYAN PL, LLC OPPOSITION TO MOTION (I) APPROVING THE SALE OF REAL PROPERTY FREE AND CLEAR OF ALL EXISTING LIENS, CLAIMS, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(B), (F), AND (M); (II) SEEKING WAIVER OF THE STAY REQUIREMENTS UNDER FED. R. BANKR. P. 6004(H); AND (III) GRANTING RELATED RELIEF**

103 Fabyan PL, LLC ("Creditor Fabyan"), by and through counsel, Scura, Wigfield, Heyer, Stevens & Cammarota, LLP, submits this Opposition to the Motion filed by Eileen Cruz (the "Debtor") seeking an Order (i) Approving the Sale of Real Property Free and Clear of All Existing Liens, Claims, and Interests Pursuant to 11 U.S.C. § 363(b), (f), and (m); (ii) Granting Waiver of the Stay Requirements Under Fed. R. Bankr. P. 6004(h); and (iii) Granting Related Relief (the "Motion") and respectfully represents as follows:

1.      Creditor Fabyan holds a secured claim in the amount of $167,350.00 against two separate parcels of real estate owned by the Debtor located at 140 W. Greenbrook Road, North

1

Caldwell, New Jersey (the "West Caldwell Property") and 52 Greenbrook Road, Fairfield, New Jersey (the "Fairfield Property") (collectively, the "Properties").

2. Debtor mischaracterizes the nature of the lien priority in her Motion. Creditor Fabyan concedes that it is the sixth lien position on the North Caldwell property. Creditor Fabyan is the sixth lien position on the Fairfield Property.

3. Debtor attempts to combine these separate parcels of real property, despite this lien prioritization issue.

4. Debtor's schedules state that the combined value of the Properties are valued at $860,000. The MLS listing provides that the Properties were listed for $750,000, over $100,000 less than the scheduled value of the Properties.

5. Debtor further provides that after the property was listed there were "multiple showings, but with the disclosure of the flood zone and flood insurance requirements in addition to the condition of the roof which requires replacement, there was less interest than expected." See Debtor's Certification in Support of the Motion, ¶4.

6. Debtor does not provide the exact date which the Properties were listed, but certifies that the Properties were listed for sale in "August 2025." Id. at ¶3.

7. Per the online MLS listings, the Properties were listed on August 14, 2025. A true and correct copy of the MLS online printout for the Properties is attached hereto as **Exhibit A**.

8. On August 26, 2025, Debtor entered a Contract for Sale to sell both Properties. Debtor's Certification at ¶5.

9. Within twelve (12) days of listing the Properties, Debtor entered into a contract for sale for $125,000 less than the scheduled value of the Properties.

2

10. Debtor has failed to provide any valuation of the Properties and, as such, there is no indication of the actual market value of the Properties to be sold. A debtor must demonstrate that the contract sale price is at least 75% of the value of the property to be sold. See In re Abbotts Dairies of P.A., 788 F.2d 143 (3rd Cir. 1986).

11. Debtor fails to apply §363(f) to Creditor Fabyan's claim, instead relying on a speculative plan with multiple objections to "strip the 103 Fabyan Pl LLC lien due to the market value of the Property and the superior liens." See Debtor's Motion, ¶35. Nothing under §363(f) permits a sale free and clear of liens where none of the enumerated exceptions apply.

12. Debtor seeks to receive her homestead exemption from the sale of the Properties in the amount of $31,575. §522(d)(1) allows an exemption for a debtor's equity in their residence. See Walters v. United States Nat'l Bank, 879 F.2d 95, 96 (3d Cir. 1989). It does not permit a debtor to retain proceeds from a sale when the secured creditors are not receiving their full value of their lien.

**WHEREFORE**, Creditor Fabyan respectfully requests that this Court deny Debtor's Motion for the foregoing reasons and any further relief as this Court may deem just and proper.

**SCURA, WIGFIELD, HEYER
STEVENS & CAMMAROTA, LLP**
*Attorney for 103 Fabyan PL, LLC*

Dated: February 25, 2026

/s/ Aiden Murphy
Aiden Murphy, Esq.

3