COHN LIFLAND PEARLMAN
 HERRMANN & KNOPF LLP
Attorneys for Debtor
Park 80 West-Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, New Jersey 07663
(201)845-9600
Our File: 41,845-0

**Order Filed on March 31, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In Re:

EILEEN CRUZ,

                 Debtor.

Chapter 13

Judge: Vincent F. Papalia

Hearing Date: March 26, 2026
Hearing Time: 10:00 a.m.

**ORDER (I) APPROVING THE SALE OF REAL PROPERTY FREE AND CLEAR OF ALL EXISTING LIENS, CLAIMS, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b), (1), AND (m); (II) GRANTING WAIVER OF THE STAY REQUIREMENTS UNDER FED. R. BANKR. P. 6004(h); AND GRANTING RELATED RELIEF**

     The relief set forth on the following page, numbered two (2) through nine (9), is hereby ORDERED.

**DATED: March 31, 2026**

_____
 **Honorable Vincent F. Papalia
United States Bankruptcy Judge**

Debtor:            Eileen Cruz
Case No.           25-16446 (VFP)
Caption of Order:  Order (i) Approving the Sale of Real Property Free and Clear of All
                   Existing Liens, Claims, and Interests Pursuant to 11 U.S.C. § 363(b),
                   (f), and (m); (ii) Granting Waiver of the Stay Requirements Under
                   Fed. R. Bankr. P. 6004(h); and (iii) Granting Related Relief

---

**THIS MATTER,** having been opened to the Court upon the Motion of Debtor's counsel for Eileen Cruz (the "Debtor") seeking entry of an Order approving the sale of the estate's interest in the Debtor's real property located at 140 W. Greenbrook Road, North Caldwell, New Jersey -and- 52 Greenbrook Road, Fairfield, New Jersey (the "Property") to William Zisa (the "Purchaser") for the total sum of $726,804, free and clear of all other existing liens, claims and encumbrances pursuant to 11  U.S.C. § 363(b), (f), and (m); (ii) seeking waiver of the stay requirements under Fed. R. Bankr. P. 6004(h); and (iii) such and other further relief as is just and equitable (the "Motion"); and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § I 57(b)(2)(A), (N) and (O), and (iii) notice of the Motion and proposed form of orders was served on those parties required to receive notice pursuant to Title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the District of New Jersey Local Bankruptcy Rules; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor, her estate and creditors; and the Court having considered the pleadings filed by the Debtor in support of the Motion and any opposition thereto, if any; and for other good cause having been shown,

Debtor:              Eileen Cruz
Case No.             25-16446 (VFP)
Caption of Order:    Order (i) Approving the Sale of Real Property Free and Clear of All
                     Existing Liens, Claims, and Interests Pursuant to 11 U.S.C. § 363(b),
                     (f), and (m); (ii) Granting Waiver of the Stay Requirements Under
                     Fed. R. Bankr. P. 6004(h); and (iii) Granting Related Relief

---

**THE COURT HEREBY FINDS AND DETERMINES THAT:**

A.      The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.

This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue of the

Motion is proper pursuant to 27 U.S.C. §§ 1408 and 1409.

B.      Approval of the sale at this time will maximize the value of the estate, and hence,

such approval is in the best interest of the Debtor, her creditors, and her estate.

C.      The Debtor has articulated sound business reasons for consummating the sale and

for selling the Property, and it is reasonable exercise of the Debtor's business judgment to

consummate the sale.

D.      The Debtor may sell the Property to the Purchaser in accordance with the terms and

conditions set forth in the Agreement of Sale, subject to certain encumbrances and free and clear of

all other liens, claims, interests and encumbrances in accordance with, and to the extent permitted

by, Bankruptcy Code section 363(f).

E.      The Property is being sold "AS IS, WHERE IS" with no representations of any

kind.

F.      The purchase price to be paid for the Property is fair consideration and constitutes

reasonably equivalent value for the Property.

G.      The Purchaser is a purchaser in good faith, as that term is used in Bankruptcy Code

section 363(m), with respect to the sale. The sale was negotiated, proposed and entered into by the

parties in good faith, from arms' -length bargaining positions and without collusion, and therefore,

Debtor:            Eileen Cruz
Case No.           25-16446 (VFP)
Caption of Order:  Order (i) Approving the Sale of Real Property Free and Clear of All
                   Existing Liens, Claims, and Interests Pursuant to 11 U.S.C. § 363(b),
                   (f), and (m); (ii) Granting Waiver of the Stay Requirements Under
                   Fed. R. Bankr. P. 6004(h); and (iii) Granting Related Relief

_____

the Purchaser is entitled to the protections of Bankruptcy Code section 363(m) with respect to

the Sale. Neither the Debtor nor the Purchaser has engaged in any conduct that would cause or

permit the sale to be voided, nor that would justify the imposition of costs or damages, under

Bankruptcy Code section 363(n).

H.    As evidenced by the certificates of service filed with the Court, (i) proper,

timely, adequate and sufficient notice of the Motion has been provided in accordance with

Bankruptcy Code sections 363 and Bankruptcy Rules 2002, 6004, 9007, and 9014; (ii) such

notice was good, sufficient and appropriate under the particular circumstances; and (iii) no

other or further notice of the Motion or the entry of this order shall be required.

I.    Non-debtor parties holding either valid liens, claims, interests or encumbrances

with respect to the Debtor's Property who did not object, or who withdrew their objections to

the Motion are deemed to have consented to the sale of the Property free and clear of all liens,

claims, interests and encumbrances pursuant to Bankruptcy Code section 363(f)(2).

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1.    All of the findings of fact and conclusions of law set forth above are

incorporated herein by reference, and the Motion is granted in its entirety.

2.    The Contract of Sale (attached as Exhibit "C" to the Certification of Eileen

Cruz dated August 26, 2025, be, and hereby is, approved in its entirety.

Debtor:            Eileen Cruz
Case No.           25-16446 (VFP)
Caption of Order:  Order (i) Approving the Sale of Real Property Free and Clear of All
                   Existing Liens, Claims, and Interests Pursuant to 11 U.S.C. § 363(b), (f),
                   and (m); (ii) Granting Waiver of the Stay Requirements Under Fed. R.
                   Bankr. P. 6004(h); and (iii) Granting Related Relief

3.      The sale, and all ancillary documents and transactions contemplated therein, including the transfer of the Debtor's Property by Debtor to the Purchaser is approved and authorized under the Bankruptcy Code, including sections 105 and 363 thereof.

4.      The transfer of the Property by the Debtor to the Purchaser upon closing will be a valid, legal, and effective transfer of the Property notwithstanding any requirement for approval or consent by any entity (as defined in section 101(15) of the Bankruptcy Code).

5.      The sale of the Property constitutes legal, valid, and effective transfers and shall vest the Purchaser with legal title in and to the respective Property.

6.      The Debtor be and hereby is authorized to sell the Property to the Purchaser for the sum of $726,804 and subject to a closing credit in the amount of $21,804 in addition to any necessary closing costs or adjustments including realtor commission, realty transfer fee and legal fee.

7.      The sale shall be, free and clear of any liens, claims, and encumbrances pursuant to 11 U.S.C. § 363(b), (f) and (m), with any valid liens, claims and encumbrances to attach to the sale proceeds in the same order of priority as such liens, claims and encumbrances existed with respect to the Property.

Debtor:            Eileen Cruz
Case No.           25-16446 (VFP)
Caption of Order:  Order (i) Approving the Sale of Real Property Free and Clear of All
                   Existing Liens, Claims, and Interests Pursuant to 11 U.S.C. § 363(b), (f),
                   and (m); (ii) Granting Waiver of the Stay Requirements Under Fed. R.
                   Bankr. P. 6004(h); and (iii) Granting Related Relief

---

**7.A.**    The following liens will be paid at closing:

| Claim No. | Creditor and Lien Position | Filed Claim Amount | To be Paid at Closing |
|---|---|---|---|
| 30 | 1st Lien – LX Financial LLC* | $70,500.00 | $70,500.00 plus interest |
| 20 | 3rd Lien – MidFirst Bank* | $424,328.08 | $424,328.08 plus interest |
| 38 | 4th Lien – New Direction IRA, Inc. | $35,000.00 | $35,000 |

- These liens will be paid in full at closing based on a mortgage payoff to be provided by each such Creditor which shall be good through the closing date.   Since LX Financial LLC, Midfirst Bank and New Direction IRA, Inc. will be paid in full at closing, these Creditors will receive no payments from the Chapter 13 Trustee under the Chapter 13 plan.
- MidFirst Bank has advised that it asserts a first lien position, based on payment of a lien that was prior to the LX Financial lien.   This Order does not preclude MidFirst Bank from challenging the priority of LX, should the sale not be consummated for any reason.

7.B.    The following liens will be extinguished at closing:

| Claim No. | Creditor and Lien Position | Filed Claim Amount | Lien Amount to Be Extinguished to allow the sale of the Property free and clear of all liens |
|---|---|---|---|
| 36 | 2nd Lien – Tarun Mehta | $47,580.32 | $47,580.32 (balance of lien amount)* |
| 1 | 5th Lien – U.S. Department of Housing and Urban Development ("HUD") | $119,543.17 | $97,500.52 – paid at closing |
| 32 | 6th Lien – 103 Fabyan Pl. LLC | $167,350.00 | $31,575.00 – paid at closing |

*The second, fifth and sixth liens owed to Tarun Mehta, U.S. Department of Housing and Urban

Debtor:            Eileen Cruz
Case No.           25-16446 (VFP)
Caption of Order:  Order (i) Approving the Sale of Real Property Free and Clear of All
                   Existing Liens, Claims, and Interests Pursuant to 11 U.S.C. § 363(b), (f),
                   and (m); (ii) Granting Waiver of the Stay Requirements Under Fed. R.
                   Bankr. P. 6004(h); and (iii) Granting Related Relief

---

Development and 103 Fabyan Pl, LLC will only be discharged if the debtor completes the plan.

Tarun Meha will receive no payment through the plan.   HUD will be paid a pro-rata distribution as an

unsecured claim in the amount of $22,042.65 through the plan.   The balance of the claim due to 103

Fabyan Pl LLC in the amount of $135,77.00 will be paid a pro-rata distribution as an unsecured claim

through the plan.

7.C.   Pursuant to Bankruptcy Code section 363(b), the Debtor is hereby authorized to

sell and transfer the Property pursuant to and in accordance with the terms and conditions set

forth in the Motion and to take all other actions as are necessary to effectuate all of the terms

thereof and to consummate the transactions contemplated therein, including, without

limitation, such actions as are necessary to execute and deliver all documents and

instruments referenced in and/or contemplated in connection with the sale of the

Property without any further authorization of the Court.

8.      The Purchaser is deemed to be a good faith purchaser pursuant to 11 U.S.C.

Section 363(m).

9.      The Debtor is selling the estate's interest in the Property AS IS, WHERE IS

without any representation, warranties, or guarantees of any kind.

10.     The stay provision under Fed. R. Bankr. P. 6004(h) be and hereby is waived

and, therefore, not applicable to this sale.

11.     The closing on the Property is scheduled for on or around May 1, 2026.

Closing shall take place within sixty (60) days from the entry of this Order.

Debtor:            Eileen Cruz
Case No.           25-16446 (VFP)
Caption of Order:  Order (i) Approving the Sale of Real Property Free and Clear of All
                   Existing Liens, Claims, and Interests Pursuant to 11 U.S.C. § 363(b), (f),
                   and (m); (ii) Granting Waiver of the Stay Requirements Under Fed. R.
                   Bankr. P. 6004(h); and (iii) Granting Related Relief

_____

12.     The Debtor is authorized to execute any and all documents necessary to effectuate the sale to the Purchaser.

13.     All objections to the Motion and the relief requested therein that have not been withdrawn, waived or settled, and all reservations of rights included in such objections, are hereby overruled on the merits and denied.

14.     This Court shall retain exclusive jurisdiction to enforce the provisions of this Order and to resolve any issue or dispute concerning the interpretation, implementation or enforcement of this Order or the rights and duties of the parties hereunder or thereunder, including, without limitation, any issue of dispute concerning the transfer of the Property, free and clear of liens and claims.

16.     The provisions of this Order shall be self-executing, and neither the Debtor, the Purchaser nor any other party shall be required to execute or file releases, termination statements, assignments, cancellations, consents or other instruments to effectuate, consummate and/or implement the provisions hereof with respect to such sale; provided, however, that this paragraph shall not excuse such parties from performing any and all of their respective obligations under the Contract of Sale of the Property.

17.     The sale of the Property approved by this Order is not subject to avoidance or the imposition of costs and damages pursuant to Bankruptcy Code Section 363(n).

18.     The consideration to be provided by Purchaser in exchange for the Property is hereby deemed to constitute reasonably equivalent value and fair consideration.

Debtor:              Eileen Cruz
Case No.             25-16446 (VFP)
Caption of Order:    Order (i) Approving the Sale of Real Property Free and Clear of All
                     Existing Liens, Claims, and Interests Pursuant to 11 U.S.C. § 363(b), (f),
                     and (m); (ii) Granting Waiver of the Stay Requirements Under Fed. R.
                     Bankr. P. 6004(h); and (iii) Granting Related Relief

_____

19.    A true copy of this Order shall be served on all parties who received notice of the

Motion within three (3) days of the date hereof.